## LOUISVILLE AND SOUTHERN INDIANA TRACTION COMPANY *v.* SNEAD.

[No. 7,102.   Filed December 9, 1910.   Rehearing denied April 6, 1911.   Transfer denied November 28, 1911.]

1. WITNESSES. — *Competency.* — *Physicians.* — *Evidence.* — *Railroads.*—In an action by a passenger against an interurban railroad company for damages for personal injuries, the company's physician who examined the plaintiff's injuries is not competent to testify, over plaintiff's objection, to the character of such injuries. p. 17.

2. DAMAGES.—*Excessive.*—*Railroads.*—A judgment for $3,000 is not excessive, where the plaintiff, a passenger, was thrown from her car under very terrifying conditions, badly cut and bruised, two ribs and collar bone broken, and where she was under a physician's care for a considerable time, and where she was liable to suffer pain for a long time in the future. p. 18.

3. CARRIERS.—*Railroads.*—*Curves.*—*Guard Rails.*—*Evidence.*—*Experts.*—Where a complaint alleged that defendant interurban railroad company negligently constructed its road with sharp and dangerous curves and negligently failed to provide guard rails for such curves, expert testimony of a civil engineer is admissible to show that in such circumstances guard rails should have been provided. p. 18.

4. CARRIERS.—*Passengers.*—*Derailed Cars.*—*Causes.*—*Complaint.*—*Evidence.*—Where a complaint details the acts of alleged negligence of defendant interurban railroad company in causing its car to leave the track, to plaintiff's injury, concluding with a general averment that by reason of such acts and because of the negligence of defendant plaintiff was violently thrown from her seat out of such car twenty-five feet on the ground, the plaintiff is not required to prove all of such acts of negligence, the gist of the cause of action being the negligent throwing of plaintiff from her seat to the ground, the particular manner of its being done whether as alleged, or otherwise, being immaterial. p. 19.

From Clark Circuit Court; *H. C. Montgomery,* Judge.

Action by Martha Snead against the Louisville and Southern Indiana Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*George H. Voigt* and *Charles D. Kelso,* for appellant.

*B. F. Gardner* and *Alexander Dowling,* for appellee.

RABB, J.—Appellant is a common carrier of passengers. Appellee was a passenger on one of its cars at a time when the car in which she was riding ran off the track, and was wrecked, resulting in personal injury to her. For the injuries so received, she brought this action, claiming that the accident was the result of negligence on the part of appellant.

The complaint was in two paragraphs, and appellant's demurrer to each was overruled. The case was put at issue, and submitted to a jury for trial, resulting in a verdict in favor of appellee for $3,000. Appellant's motion for new trial was overruled, and judgment was rendered on the verdict.

The following reasons are given as grounds for reversing the judgment: (1) The court erred in refusing to permit Doctor Weathers, a witness called by appellant, to

**1.** testify as to appellee's physical condition at the time he treated her; (2) the damages assessed are excessive; (3) the court permitted one of appellee's witnesses, an expert civil engineer, to give his opinion regarding what was claimed to be a defect in the construction of appellant's road at the point where the car left the track; (4) the evidence failed to establish the specific acts of negligence charged in the complaint. as the cause of the accident.

The physician, whose testimony was excluded, was the appellant's physician, who upon the happening of the accident was sent by the appellant to attend those injured in the wreck. In the performance of this duty, he made

VOL. 49—2

an examination of the appellee's injuries. To permit the witness to testify as to the result of his examination would be a clear breach of the rule excluding privileged communications. This is well settled in the cases of *Indianapolis, etc., Transit* v. *Hall* (1905), 165 Ind. 557; *Penn Mut. Life Ins. Co.* v. *Wyler* (1885), 100 Ind. 92, 50 Am. St. 769; *Williams* v. *Johnson* (1887), 112 Ind. 273; *City of Warsaw* v. *Fisher* (1900), 24 Ind. App. 46.

The evidence shows that the accident out of which the action grew, was one which threatened the life of the appellee, and was of a very terrifying character, and justified the jury in finding that the appellee endured great mental suffering from the fright; that her body was badly cut and bruised, and at least two of her ribs and her collar bone were fractured; that she suffered severe physical pain, that she was under the care of a physician for a considerable period of time, and was liable to continue to suffer more or less pain from her injuries received in the wreck. Under this evidence, this court cannot say that the damages assessed by the jury are either the result of prejudice or of malice.

A civil engineer, experienced in railroad construction, was called as a witness by appellee, and, after testifying to having made an examination of the appellant's track where the accident happened, was asked this question: "As a civil engineer, state whether from the curb at the ascending grade, there should have been a guard rail for the protection of cars propelled around and over that grade?" The question was objected to on the ground that it called for a conclusion, and, therefore, was a question for the jury. The witness was permitted to answer, which he did as follows: "I should say there should have been a guard rail or some other protection to that rail; if not a guard rail, the rail should certainly have been braced; the outer rail should have rail braces."

It was alleged among other things in the complaint that

the appellant constructed its road along a steep hillside, with sharp and dangerous curves, which should have been protected by guard rails, and that it had neglected to provide this safeguard. The objection that the question called for a conclusion of the witness is without force. The question does not purport to call for a fact, but for the opinion of an expert, on a matter about which he was qualified to express an opinion. The objection that the question called upon the witness to express an opinion in reference to the very question to be determined by the jury is worthy of more consideration. The jury was called upon to determine many questions; first, was the road built around sharp and dangerous curves; second, was it built upon an ascending grade; third, would reasonable care require that a guard rail should have been put in at the point where the accident happened, and fourth, was such rail there. While an expert witness may not give a general opinion concerning the precise ultimate question the jury is to decide, it is always permissible to take the opinion of an expert witness upon an assumed state of facts in reference to which the opinion of an expert will presumably enlighten the jury. *Bonebrake* v. *Board, etc.* (1895), 141 Ind. 62; *New Jersey, etc., R. Co.* v. *Tutt* (1907), 168 Ind. 205, and cases cited. No error intervened in the admission of this testimony.

The first paragraph of appellee's complaint, after averments showing the relation of the appellant to appellee as that of carrier and passenger, contains many averments descriptive of the manner in which the car in which she was riding was operated by the appellant, averring that by reason of these things, the car ran off the track, and, with all of its passengers, pitched down an embankment and was wrecked. It then avers "that the plaintiff was, by the accident aforesaid, and because of the carelessness and negligence of the said defendant, its agents and servants, violently thrown from her seat out of said car onto the ground twenty-five feet below the track, where the

car left the rails; that by reason of said accident aforesaid so occasioned by the negligence and carelessness of the defendant aforesaid, the plaintiff was then and there cut," etc. The second paragraph of the complaint contains like averments descriptive of the accident, setting forth the certain, specific causes therefor, and concludes with the general averment, "that the plaintiff was then and there by the accident aforesaid, and because of the carelessness and negligence of the defendant, its agents and servants violently thrown from her seat out of said car onto the ground twenty-five feet below the track where the car left the rails, and that by reason of the accident aforesaid, so occasioned by the carelessness and negligence of the defendant, the plaintiff was then and there injured."

It is claimed by appellant that in making out her case, the appellee is confined to the specific acts of negligence which the complaint describes as causing the car to leave the track, and that these facts are all dependent upon one another; and it is claimed that the evidence failed to establish all of the concurring acts of negligence alleged, and that appellee's case is not aided by the rule "*res ipsa loquitur.*"

The gravamen of the appellee's action is the injury caused by the wrongful act of the appellant. The alleged act of the appellant that injured the appellee was throwing her from the car to the ground, and not the running of the car off the track. There is the general charge in the complaint that this was negligently done by appellant. It is said in the case of *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490: "The specific characterizations of the complaint may give a more vivid idea of the manner in which it was claimed that the accident occurred, but after all, the whole thing, in substance, is a charge that the defendant negligently ran its car into the plaintiff's buggy." So here, the substance of the charge in this case is that the

defendant negligently threw the plaintiff from its car and injured her. The particular manner in which it was done is not material. Whether it was by reason of faulty construction of the track, or the negligent manner in which the car was operated, or an improper manner of loading the car, is not material. They are not subjects which are presumed to be within the knowledge of the passenger injured; nor is she confined in her proof to these specific charges. *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428; *Davis* v. *Guarnieri* (1887), 45 Ohio St. 470, 4 Am. St. 448; *Fisher* v. *Golladay* (1890), 38 Mo. App. 531.

Other questions are raised by appellant's brief that are not urged in argument as grounds for a reversal. We have carefully examined them all, and conclude that no reversible error is presented by the record. Upon the undisputed facts as they appear in the record, there is no question of appellant's liability to appellee for a very serious injury. The only possibly meritorious question presented by the record, is that affecting the measure of damages, and as already stated, this must be decided against appellant.

Judgment affirmed.