## THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. JONES.

[No. 7,667. Filed October 16, 1912.]

1. CARRIERS.—*Injury to Passengers.—Passenger on Baggage Platform at Invitation of Carrier.—Licensees.*—A person, present at a railroad depot for the purpose of taking passage on a train, in going upon the baggage platform at the request of defendant's agents to remove some of the contents of his trunk, which had been found to be too heavy for transportation as baggage, was not a licensee so as to exempt the defendant from liability for injuries caused by its negligence while he was on such platform. p. 249.

2. CARRIERS.—*Injury to Persons on Depot Platform.—Complaint.— Allegation of Negligence.—Sufficiency.*—In an action against a railroad company for injuries received by plaintiff in falling into a hole in defendant's baggage platform, the allegations of the complaint, that while plaintiff was on the platform for the purpose of removing part of the contents of his trunk, defendant's agents, while in the line of their duty "negligently jerked said sample case off of said scales, and negligently jerked the same against this plaintiff, while standing upon said platform and negligently knocked and pushed this plaintiff backward, a few feet" into a hole in the platform two or three feet square, which was negligently left open, uncovered and unguarded in any way, into which plaintiff fell, are sufficiently certain in the statement of facts constituting the alleged negligence, and the motion to make the complaint more specific was properly overruled. p. 250.

3. DAMAGES.—*Personal Injuries.—Excessive Damages.*—Under evidence showing that plaintiff, at the time of his injury, was a traveling salesman twenty-seven years of age, earning from $900 to $1,000 a year, that he was confined to a bed and was under treatment in a hospital for three weeks, that two or three months after the accident he returned to his work, but was unable to perform same without assistance, that he never recovered from the injury to his back and to his left leg, and was compelled to accept employment at nearly half the salary he formerly received, a verdict of $3,500 will not be disturbed on the ground that it was excessive. p. 251.

4. APPEAL.—*Review.—Verdict.—Evidence.—Credibility of Witness.* —That the testimony of appellee is wilfully contrary to that which he gave on a former trial, will not justify the court on appeal to disregard his testimony and set aside the verdict on the

insufficiency of the evidence, since the question was one for the jury to determine as affecting the credibility of the witness and the weight to be given his testimony. p. 251.

5. NEGLIGENCE.—*Presumptions.*—*Contributory Negligence.*—There is no legal presumption that a plaintiff's injury was caused by his own negligence. p. 252.

6. CARRIERS.—*Injury to Persons on Depot Platform.*—*Verdict.*— —*Evidence.*—*Sufficiency.*—In an action against a railroad company for injuries received by plaintiff in falling into a hole in defendant's baggage platform, where it was admitted that plaintiff, on the day of the injury, delivered several trunks for transportation as baggage, and that defendant's agents discovered that one of the trunks was too heavy to be checked as baggage, and, although the evidence as to what followed was conflicting, two witnesses testified that plaintiff was called to the platform to lighten such trunk in order that it might be checked, the plaintiff can not be held to have been a mere licensee so as to justify setting aside a verdict in his favor as being contrary to law. p. 252.

7. CARRIERS.—*Injury to Persons on Depot Platform.*—*Negligence.* —*Instructions.*—Where plaintiff, who had delivered baggage at a railroad station for transportation, was requested by defendant's agent to go upon the platform to lighten a trunk that had been found too heavy to be checked, the defendant owed him the duty of keeping such platform reasonably safe for his use, and in an action against the company for injuries received in falling into a hole in such platform, an instruction defining negligence as the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances, or doing what such person would not have done, was not erroneous for failure to include the proposition "that the conduct must be in respect of that which it is the duty of the party to do or to leave undone." p. 253.

8. NEGLIGENCE.—*Elements.*—To constitute actionable negligence, there must be a duty owing to plaintiff, a failure to perform that duty, and a resulting injury. p. 253.

9. NEGLIGENCE.—*Injury to Licensee.*—No liability exists in favor of a mere licensee who is injured as the result of ordinary negligence. p. 253.

10. CARRIERS.—*Injury to Persons on Depot Platform.*—*Instructions.* —In an action against a railroad company for injuries received by plaintiff while on the defendant's baggage platform with reference to his baggage," an instruction that if defendant's agent in charge of baggage, when he found it was overweight, was authorized by defendant to invite and direct the passenger owning it to come upon the platform, etc., is not objectionable on the

theory that it attempts to define defendant's duty to the public generally on the theory of an implied invitation. p. 254.

11. CARRIERS.—*Injury to Persons on Depot Platform.—Instructions.*—In an action against a railroad company for injuries to plaintiff in falling through a hole in defendant's baggage platform, while he was there at the invitation of the defendant with reference to his baggage, an instruction that if defendant maintained a hole in said platform, it was defendant's duty to exercise ordinary care to guard said hole and either keep the lid on same or to surround with guards so as to protect a passenger while performing his duty in relation to baggage, and in the exercise of ordinary care, from falling into said hole, leaves the character of guards to be used, as well as the manner of placing them, open to the exercise of ordinary care by defendant, and was not erroneous. p. 254.

12. APPEAL.—*Review.—Harmless Error.—Instructions.*—In an action against a railroad company for injuries to plaintiff in falling into a hole in defendant's baggage platform, an instruction which made appellee's recovery depend on an affirmative finding of facts entirely inconsistent with the theory that he was a mere licensee, was not prejudicial to appellant on the ground that it ignored the question as to whether appellee was a mere licensee. p. 255.

13. TRIAL.—*Instructions.—Assuming Facts.*—An instruction may properly assume facts that are undisputed. p. 255.

14. APPEAL.—*Review.—Instructions.—Omission Covered by Other Instructions.*—An instruction is not objectionable on the ground that it leaves the jury to determine the material allegations of the complaint, where the objection raised is covered by other instructions of the series of which it is a part. p. 255.

15. APPEAL.— *Review.— Instructions.— Contributory Negligence.*—An instruction in a personal injury case, on the subject of contributory negligence, which in effect told the jury that if plaintiff in any manner contributed or helped to produce the injury complained of, he could not recover, and the verdict should be for defendant, was not erroneous. p. 256.

16. APPEAL.— *Review.— Harmless Error.— Instructions.— Preponderance of Evidence.*—An instruction as to preponderance of the evidence was not objectionable for stating that "the preponderance of the evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts," where, when taken as a whole and in connection with the other instructions, the jury could not have been misled, nor appellant harmed, thereby. p. 256.

17. APPEAL.—*Review.—Instructions.—Preponderance of Evidence.*—An instruction on the preponderance of evidence is not erro-

neous on the ground that it does not require certain material facts to be proved by a preponderance of the evidence, where the court, in other instructions, told the jury what facts were material and that each one must be proved by a preponderance of the evidence. p. 256.

18. APPEAL.—*Review.—Harmless Error.—Instructions.—Deliberation of Jury.*—An instruction to the jury, stating that "your deliberation should be calm, and your verdict such as responds to law and the facts, and meets the approval of your own conscience," was not rendered erroneous by the last clause, where the jury had been correctly informed that it was the exclusive judge of the facts, but must take the law as given by the court. p. 257.

19. CARRIERS.—*Injury to Persons on Depot Platform.—Trial.—Admission of Evidence.*—In an action against a railroad company for injuries received by plaintiff in falling into a hole in defendant's baggage platform, while he was there at the invitation of defendant's agent to look after his baggage that had been found too heavy to be checked as such under defendant's rules, evidence of the weight of baggage that might under such rules be checked over defendant's road was admissible. p. 257.

From Morgan Circuit Court; *Joseph W. Williams*, Judge.

Action by John W. Jones against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank L. Littleton, John W. Kern, McNutt & Bain,* and *John J. Kelly,* for appellant.

*Wymond J. Beckett* and *Watson & McGinnis,* for appellee.

MYERS, J.—In the court below appellee recovered a judgment against appellant on account of injuries sustained by falling through an opening, two or three feet square, in the floor of appellant's baggage room in Anderson, Indiana.

Appellant's demurrer to appellee's complaint, its motion to make the complaint more specific, and its motion for a new trial were each overruled, and these rulings are separately assigned as error.

It is insisted that the demurrer should have been sustained, for the reason that the complaint shows that appellee, at the time of his injury, was on appellant's prem-

ises as a mere licensee, and appellant owed him no
1.   duty to refrain from negligently injuring him. The
complaint, among other facts, states that appellant, on
February 14, 1906, was a common carrier of passengers for
hire, and as such operated a depot at Anderson, Indiana, for
the accommodation of passengers and their baggage.  Ap-
pellee, at that time, was a traveling salesman, carrying with
him trunks, containing samples of wares sold by him, which
he delivered to appellant at its said depot for transporta-
tion.   They were then placed on trucks, and carried to a
platform on which appellant maintained scales for weigh-
ing trunks and sample cases, for the purpose of determining
their weight for transportation as baggage.   By weighing
these trunks, it was discovered that one, according to the
rules of appellant, was too heavy to be transported as bag-
gage, and, at appellant's request to lighten it, appellee, at
appellant's invitation, went to and on the platform where
the trunks were located, for the purpose of removing a part
of the contents of the one excessive in weight, when an agent
or employe of appellant carelessly and negligently caused a
trunk to fall against appellee, thereby negligently knocking
and pushing him backward, and, without his fault, into said
hole in the platform near said scales, negligently maintained
and left open, uncovered and unguarded, and through which
he fell, striking the bottom thereof, about twelve feet below,
with his body, limbs and head, greatly injuring him.   That
he was at said depot to take passage on one of appellant's
trains then about due to arrive.

Appellant, in support of its contention, cites the case of
*Cannon* v. *Cleveland, etc., R. Co.* (1902), 157 Ind. 682, 62
N. E. 8, but in that case there was no invitation on the part
of the company to the plaintiff to go on its premises, while
in this case appellee's presence at appellant's depot was to
take, as a passenger, one of its trains soon to arrive, and
his presence in the baggage room was at the invitation of
appellant, and with reference to a matter to their mutual in-

terest and advantage.  These facts completely refute the contention of appellant that appellee, when injured, was on the premises of appellant as a mere licensee.  *Pittsburgh, etc., R. Co.* v. *Simons* (1907), 168 Ind. 333, 79 N. E. 911; *Illinois Cent. R. Co.* v. *Griffin* (1897), 80 Fed. 278, 25 C. C. A. 413; *Toledo, etc., R. Co.* v. *Grush* (1873), 67 Ill. 262, 16 Am. Rep. 618.

There was no error in overruling the motion to make the complaint more specific.  The motion was directed to that part of the complaint relied on as stating the facts which constituted the alleged negligence of appellant. Referring to that part of the complaint, it is stated, in substance, that while appellee was on the platform for the purpose of removing a part of the contents of the trunk, appellant's agents, while in the line of their duty, ''negligently jerked said sample case off of said scales, and negligently jerked the same against this plaintiff, while standing upon said platform and negligently knocked and pushed this plaintiff backward, a few feet'' into a hole in the platform two or three feet square, which was negligently left open, uncovered and unguarded in any way, and into which, without fault on his part, he fell, and was severely injured.

How the accident occurred, and the acts of negligence relied on for a recovery, are shown with that certainty as fully to apprise a person of common understanding as to the nature of the action, and what he is called on to meet.  Such being the force of the questioned allegations of the complaint in this case, we must hold that the complaint is sufficient as against the motion, and is supported by the ruling in the case of *Pittsburgh, etc., R. Co.* v. *Simons, supra,* wherein the court said on page 339:  ''A plaintiff is required to charge his cause of action in direct and certain terms, yet he is not required to go into an elaboration of details beyond what is reasonably necessary fully and distinctly to inform the defendant of what he is called upon to meet.''

In support of the motion for a new trial, it is insisted

that the damages assessed by the jury were excessive. The verdict was for $3,500. Appellee at the time he was

3. injured was twenty-seven years of age, and physically sound. He was a traveling salesman, earning from $900 to $1,000 a year. His business required him to handle trunks containing samples of the goods he was selling. Shortly after appellee was injured, he was assisted on a train, and was taken to Indianapolis and to a hotel, where he remained in bed three or four days, and from there he was taken to a hospital, where he received treatment for three weeks. Two or three months after the accident he returned to work, but was unable to handle the trunks without assistance. Several parts of his body were injured, and he never recovered from the injury to his left leg or the injury to his back. Because of his physical condition he was compelled to accept employment at nearly half the salary he had received and was receiving at the time of the accident. Under this evidence, which is practically undisputed, and all the evidence in the case bearing on the question of his damages, we are not persuaded that the jury acted with prejudice, partiality or corruption in making its assessment. This conclusion prevents us from disturbing the judgment on account of excessive damages. *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 215, 82 N..E. 1025, 84 N. E. 14, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1; *Louisville, etc., Traction Co.* v. *Snead* (1911), 49 Ind. App. 16, 93 N. E. 177; *Southern Ind. Gas Co.* v. *Tyner* (1912), 49 Ind. App. 475, 97 N. E. 580.

In support of the motion for a new trial, it is insisted, also, that the verdict of the jury is not sustained by sufficient evidence, and that it is contrary to law.

4. In this connection, and with reference to the sufficiency of the evidence, the point is made that appellee's testimony was wilfully contrary to that which he gave on a former trial, and for that reason this court should disregard this testimony, and if it is disregarded, the verdict is without evidence to support it.

The question thus presented was one for the jury. If it be true, as asserted by counsel, that appellee as a witness had wilfully made contradictory statements, still it would not be within our province to say which statements were false, and which were true. Contradictory statements of a witness go to his credibility, and are considered by the jury in determining the weight to be given his testimony. We have read practically all the evidence presented by the record in this case, and we cannot say that the evidence does not support the verdict. There is no legal presumption that the injury was the fault of the appellee, as held in the case of *Lake Erie, etc., R. Co.* v. *Stick* (1896), 143 Ind. 449, 462, 41 N. E. 365, or that no reasonable theory is apparent from any legitimate evidence to warrant the conclusion of the jury, as held in the case of *Cleveland, etc., R. Co.* v. *Miller* (1898), 149 Ind. 490, 508, 49 N. E. 445, and therefore these cases are not in point.

It is said that the verdict is contrary to law, because the evidence shows that appellee at the time of his injury was on appellant's premises as a mere licensee. The point made is that he was at a place in the depot where he had no right to be. Some of appellant's witnesses say he entered the baggage room of the depot without any invitation. It is admitted that on the day of the accident appellee delivered to appellant's agents several trunks, and they were taken into the baggage room, where, by weighing them, said agents discovered that one was too heavy to be checked as baggage. As to what then took place, there is some conflict. Two witnesses say that the person in charge of appellant's baggage room weighed the trunks on a pair of scales kept there for that purpose; that one of the trunks was over weight, and that appellee was called into the room to lighten it, in order that it might be checked. This state of the record on the point made will not justify us in ordering a new trial.

It is claimed that instructions two, six and seven, tendered

by appellee and by the court given to the jury, and instructions two, five, seven and eleven, given to the jury by the court on its own motion are erroneous.

Instruction two is challenged on the ground that it entirely ignores the proposition "that the conduct must be in respect of that which it is the duty of the party to do or to leave undone." In this particular, it reads as follows: "Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done. In other words, negligence is the failure to exercise ordinary care."

In all cases of actionable negligence, there must be a duty owing by defendant to plaintiff, a failure to perform that duty, and a resulting injury. If this was a case where the injured was a mere licensee, then, of course, there would be no liability on account of the alleged negligence. *Faris* v. *Hoberg* (1893), 134 Ind. 269, 276, 33 N. E. 1028, 39 Am. St. 261. The purpose of the instruction was to define negligence. It was applicable to the case as made by the complaint, and within the evidence. Appellant maintained a depot for the use of all persons coming there intending to travel on its trains, and, in connection therewith, a room for the accommodation of the baggage of such persons. Whether or not appellee was in the baggage room or on the platform by invitation of appellant, was a question of fact the jury by its verdict settled in appellee's favor. That fact thus settled made it the duty of appellant to use ordinary care to keep the room or platform reasonably safe for appellee's use, and its neglect in this regard to do what a reasonably prudent person would ordinarily have done, or the doing of that which an ordinarily prudent person would not have done, amounted to negligence. Such was the effect of the instruction, and therefore it was not erroneous.

Two objections are urged against instruction six: (1) That the instruction attempts to define defendant's duty to the public generally on the theory of an implied invitation; (2) that it tells the jury the defendant should have guarded the hole in one of two ways only.

As to the first objection, it may be said that the instruction applied to passengers generally. But fairly interpreted, that part of the instruction which told the jury, in substance, that if appellant's agent in charge of baggage, when he found it was over weight, was authorized by appellant to invite and direct the passenger owning it to come upon the platform, etc., does not contemplate an implied invitation, for the words "invite and direct," as used, indicate an affirmative act on the part of the agent before action on the part of the passenger.

The second objection cannot be sustained, for the reason that the language of the instruction, relative to a guard, is not subject to the limitation sought to be placed on it by appellant. That part of the instruction to which objection is made reads as follows: "And if you shall find that the defendant did maintain in said platform a hole about two and one-half ($2\frac{1}{2}$) feet square, it was the duty of the defendant to exercise ordinary care to guard said hole and either keep the lid upon the same or to surround with guards in such a way as to protect a passenger while in the performance of his said duty in relation to said baggage, and while in the exercise of ordinary care, from falling into said hole and receiving injuries." Placing a lid over the hole is recognized as one way of guarding it. Other ways are recognized by the words "or to surround with guards," which leave the character or kind of guards to be used, as well as the manner of placing them, open to the exercise of ordinary care by appellant. The objection is not well taken for another reason. The complaint charges appellant with maintaining an unguarded hole in the platform. The uncontradicted evidence shows that there was a hole in

the platform about two and one-half feet square; that it was open, and no claim is made that it was attempted to be guarded. In this respect the instruction cannot be construed as presenting a case to the jury different from that presented by the complaint, or in conflict with the case as it went to the jury on the evidence.

Instruction seven, requested by appellee, is said to be erroneous for the following reasons: (1) Because it ignores the question as to whether plaintiff was a mere licensee; (2) it assumes that appellant had negligently left open and unguarded a hole in the floor of the platform. Neither of these objections is well taken.

By this instruction appellee's recovery was made to depend on an affirmative finding of facts entirely inconsistent with the theory that he was a mere licensee. Hence appellant was not thereby prejudiced, and this objection must be considered groundless. The second objection is also untenable, for the reason that if it be conceded that the instruction assumes there was an unguarded hole in the floor through which appellee fell, and whereby he was injured, still the instruction would not be erroneous, for the reason that the facts assumed are not in dispute.

Instruction two, given by the court on its own motion, is claimed to be erroneous, for the reason that the jury is left to determine the material allegations of the complaint. This assertion of counsel is not entitled to serious consideration, for when this instruction is read in connection with the series of which it is a part, and with two instructions tendered by appellant and given to the jury, it will be seen that the question here raised has been fully covered. The purpose of this instruction, to reaffirm that plaintiff had the burden of proof, is clear. The jury had been instructed as to the specific facts necessary for the plaintiff to prove by a preponderance of the evidence in order to make out his case, also, in case he failed to establish any one of these facts, the finding should be for the defendant.

The objection to instruction five is without merit. It is on the subject of contributory negligence, and the jury, in effect, was informed that if appellee in any manner contributed or helped to produce the injury complained of, he could not recover, and the verdict should be for the defendant. The instruction, on the whole, was favorable to appellant.

It is insisted that the court erred by giving to the jury on its own motion instruction seven. The first objection would be sustained, if it could be said that the jury was told that it might consider the preponderance of the evidence on the side having the greater number of witnesses. The "witnesses are not to be counted by the jury or court trying the case in order to determine upon which side is the preponderance." *Warren Construction Co.* v. *Powell* (1909), 173 Ind. 207, 89 N. E. 857, 859. While the word "alone" in the sentence "the preponderance of the evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts" takes the instruction to the line bordering on error, yet, when it is read as a whole, and in connection with the other instructions given, our conclusion must be that the jury could not have been misled nor appellant harmed by it.

The second objection is that it does not require certain material facts to be proven by a preponderance of the evidence. The instruction is not open to this construction, for the reason that the court in other instructions told the jury what facts were material, and that each one must be proved by a proponderance of the evidence. So that the clause "determine upon which side is the weight or preponderance of the evidence as to each material fact required to be proven by a preponderance of the evidence" will not be deemed erroneous.

Appellant assails the latter part of instruction eleven,

which reads as follows: "Your deliberation should be calm, and your verdict such as responds to law and the facts, and meets the approval of your own conscience." The alleged error is that it permits the jury to return a verdict reached through an arbiter—conscience—that is governed by no known laws. *People* v. *Stewart* (1857), 7 Cal. 140.

The jury had been correctly informed that it was the exclusive judge of the facts, but must take the law as given by the court. Keeping in mind the province of the jury thus fixed, the instruction in question may be regarded as supplementing the former instruction, and as a caution concerning the elements forming the basis on which to rest the verdict. The last clause of the instruction was secondary, so that if the verdict was in accordance with the law and the facts, no harm was done if supplemented by a conviction of right.

Lastly, it is claimed that the court erred in admitting certain testimony. The testimony to which objection is made had reference to the weight of baggage, which, under the rules of appellant, might be checked over its road. One of the witnesses was not, at the time of the trial, an agent of appellant, but was shown to be acquainted with the rules of appellant on the subject of checking baggage. Another witness was the ticket and freight agent of appellant at Martinsville. Rule six, governing the transportation of baggage by appellant, was read in evidence. Its language was plain and certain. We have read all the testimony of these witnesses, and the testimony of appellant's baggage master and his two assistants at Anderson, Indiana, and all practically agree on the disposition of baggage tendered to appellant for transportation as such. The evidence admitted over objection along this line was not erroneous, and if it were technically objectionable, it was not of such importance as to justify us in reversing the judgment. The record

Walter A. Wood, etc., Mfg. Co. *v.* Angemeier—51 Ind. App. 258.

in this case, as a whole, affirmatively shows that a fair and impartial trial was had, and a correct result reached.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 503. See, also, under (1) 6 Cyc. 536; (2) 6 Cyc. 626; (3) 13 Cyc. 130; (4) 3 Cyc. 349; (5) 29 Cyc. 596; (6) 6 Cyc. 628-32 Anno.; (7) 29 Cyc. 649; (8) 29 Cyc. 419; (9) 29 Cyc. 449; (12) 38 Cyc. 1809; (13) 38 Cyc. 1667; (14) 38 Cyc. 1782; (15) 29 Cyc. 653; (16, 17, 18) 38 Cyc. 1778; (19) 6 Cyc. 628–New Anno. As to who is a trespasser and who a licensee within the law of carriers, see 30 Am. Rep. 687. As to the several elements of damage recoverable in personal injury actions, see 75 Am. Dec. 268. As to defendant's liability if, when the accident occurred, plaintiff was on the dangerous premises by his invitation in contemplation of law, see 100 Am. St. 196. As to what is an excessive verdict in an action for personal injuries not resulting in death, see 16 Ann. Cas. 8; Ann. Cas. 1913 A 1361. To whom railroads owe the duty of keeping station platform safe, see 20 L. R. A. 527.