PETERSON *v.* LIDDINGTON.

[No. 8,623. Filed May 25, 1915. Rehearing denied November 4, 1915.]

1. APPEAL.—*Review.*—*Evidence.*—*Natural Laws.*—Appellant's contention that the decision could not be sustained because it is against natural law that a man 67 years of age, weighing 175 pounds, would be physically able to throw a man 64 years of age and weighing 165 pounds, seven feet, could not be sustained even if the evidence disclosed such state of facts, and especially not in view of the versions of the transaction as disclosed by the record. p. 43.

2. Appeal.—*Review.*—*Presumptions.*—*Burden to Show Error.*—On appeal every presumption is indulged in favor of the correctness of the judgment of the trial court and the burden is on appellant to show prejudicial error.   p. 43.

3. Appeal.—*Review.*—*Instructions.*—Where the instructions are not in the record by bill of exceptions, and there is nothing to show that they were filed as required by the statute to authorize the bringing of same into the record by other methods, no question can be considered from the standpoint of such instructions.   p. 44.

4. Assault and Battery.—*Damages.*—*Excessive Damages.*—A verdict for $3,000 damages for an assault and battery on plaintiff, who was at the time an able-bodied man 64 years of age, with an earning capacity of $4 to $6 per day, was not such as to enable the court to reverse on the ground of excessive damages, where it appeared that plaintiff's leg was broken, and the extent and character of his other injuries were controverted questions under the evidence. p. 44.

From Lake Superior Court; *Johannes Kopelke,* Judge.

Action by William Liddington against John Peterson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*McMahon & Conroy,* for appellant.
*McAleer Bros.* and *McGirr & Ross,* for appellee.

Felt, J.—This is an appeal from a judgment for $3,000 obtained by appellee against appellant as damages for assault and battery. The gist of the complaint is that appellant violently struck, beat and wounded appellee, and also wilfully and violently threw him from a house and down upon a pile of rubbish thereby injuring his head, face, back, arms and neck and breaking his leg. The complaint also contains averments showing pain and suffering and expenses incurred as hospital bills and for medical care and treatment, loss of time and wages and permanent injuries for which damages are asked in the sum of $5,000. The complaint was answered by general denial and by a paragraph of affirmative answer, the gist of which is that the injuries of appellee, if any, were caused by himself

while he was a trespasser on the property of appellant and in the act of leaving the premises in obedience to appellant's order.

The error assigned and relied on for reversal of the judgment is the overruling of appellant's motion for a new trial. The alleged reasons for a new trial not expressly or impliedly waived are (1) that the verdict is contrary to law, (2) excessive damages and (3) error in the giving of certain instructions.

The first contention can not be sustained as the only reason given in support thereof is that "The record shows an impossible state of facts,

1. against natural law, that a man 67 years of age, weighing 175 pounds would be physically able to throw a man 64 years of age and weighing 165 pounds, seven feet." We could not sanction the above proposition if all the evidence agreed with the foregoing statement but the different versions of the tranactions do not all accord with the statement, but show conclusively that the contention can not be sustained.

The propositions and arguments advanced to show that the damages are excessive seem to be in the main, if not altogether, based on the instructions given the jury. Appellant says: "In view of the instructions given by the court, the jury was misled as to the measure of damages, indicating that the jury acted from prejudice and partiality by being misled as to the measure of damages. * * * We are firm in the opinion that if the court had given instructions that conform to the well-recognized legal principles governing the subject of damages, the jury would not have been misled." When an appeal is taken, every presumption is indulged in favor of the correctness of

2. the judgment of the trial court. The burden is on the appellant to show error in the judg-

ment from which the appeal is taken.    This court will not search the record to reverse but will do so to affirm the judgment of the trial court.    *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73.    The instructions in the case at bar were not brought

3.    into the record by bill of exceptions.    Where the instructions are attempted to be brought into the record by the other authorized methods, they are identified by the filing required by the statute and, in the absence of a record showing such filing, they can not be considered.    Neither the record. nor  the briefs show that the instructions in the case at bar were filed as required by our code. Subd. 6 §558, §§560, 561 Burns 1914, §§533, 535 R. ·S. 1881, Acts 1907 p. 652; *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 571, 86 N. E. 966; *Thieme & Wagner Brew. Co.* v. *Kessler* (1911), 47 Ind. App. 284, 286, 94 N. E. 338.    We can not therefore consider the question from the standpoint of the instructions.

Some of the language employed by appellant seems to indicate an intention to present the question of excessive damages independent of the in-

4.    structions.    There was evidence tending to show that appellee was a strong and able-bodied man 64 years of age, by occupation a painter capable of earning from $4 to $6 per day.    By the American Experience Tables this would give him an expectancy of life of 11.68 years.    It was not disputed that his leg was broken.    The extent and character of his other injuries were controverted questions under the evidence.    The amount of the judgment is not such as to enable this court to say that the jury acted through prejudice, passion, partiality or corruption.    On the showing made, we can not reverse the judgment on the ground that the damages are excessive.    *Cleveland, etc., R. Co.* **v.**

*Jones* (1912), 51 Ind. App. 245, 251, 99 N. E. 503; *Chicago, etc., R. Co.* v. *Roth* (1915), 59 Ind. App. 161, 107 N. E. 689, 108 N. E. 971. No reversible error is presented. Judgment affirmed.

NOTE.—Reported in 108 N. E. 977. As to scope and effect of writs of error, see 91 Am. Dec. 193. On excessiveness of verdicts in actions for personal injuries other than death, see L. R. A. 1915 F 491. See, also, under (2) 3 Cyc 275; (3) 3 Cyc 170; (4) 5 C. J. 709; 3 Cyc 1109.