## THE BRIGHT NATIONAL BANK OF FLORA, INDIANA *v.* HARTMAN ET AL.

[No. 8,753. Filed October 14, 1915. Rehearing denied February 2, 1916. Transfer denied March 31, 1916.]

1. APPEAL.—*Record.*—*Transcript.*—*Identity of Pleadings.*—On appeal from the judgment of a circuit court to which the cause had been taken on a change of venue, where the transcript did not show by any caption, statement or certificate of the clerk of the court from which the venue was taken that the original pleadings and papers on file in that court were transferred to the court to which the venue was taken, but it did appear from what purported to be the certificate of such clerk that a "full, true and complete copy of all the order book entries showing the proceedings" was transmitted to the latter court, and that certain pleadings were transmitted, and the transcript on appeal bore the certificate of the clerk of the court from which the appeal was taken showing that it embraced a full, true and correct copy of all pleadings, papers, documents and record filed or placed on file, as requested by the *precipe*, the appellant would not be heard to say that the pleadings copied in the transcript were not the pleadings on which the case was tried, but the court could not know that such pleadings were the identical pleadings challenged by demurrer in the court from which the venue was taken, and could not pass upon assignments of error relating to their sufficiency.   pp. 443, 444.

Bright Nat. Bank *v.* Hartman—61 Ind. App. 440.

2.  APPEAL.—*Precipe.*—*Sufficiency.*—A *precipe* calling for a transcript of all pleadings, papers, documents and records filed or placed on file in the cause, together with all and singular the papers, pleadings, documents and proceedings and order book entries made and filed in the cause in the court of another county from which the venue was changed, was sufficient.    p. 443.

3.  APPEAL.—*Waiver of Error.*—*Briefs.*—Alleged error is waived by appellant's failure to present same in its brief.    p. 445.

4.  APPEAL.—*Transcript.*—*Precipe.*—Where the first part of the *precipe* was general and broad enough to include all the instructions, specific directions not in conflict therewith, but which did not call for certain instructions, did not operate to exclude any of the instructions, all of which were copied in the transcript.    p. 445.

5.  LICENSES.—*Rights of Unlicensed Persons.*—*Contracts.*—Where a statute forbids the carrying on of any business without first procuring a license, paying a tax, inspection, registration, complying with prescribed tests, or the like, contracts relating thereto made by persons in carrying on such business are void, though the statute contains no express provision to that effect.    p. 447.

6.  LICENSES.—*Authority to Conduct Business.*—*Presumption and Burden of Proof.*—Where a statute fixes certain requirements as conditions precedent to the right to carry on a certain business, or to the performance of certain acts, and fixes a penalty for noncompliance therewith, the party who seeks to enforce a right dependent upon such law has the burden of showing compliance therewith and may not rely upon the presumption that the requirements of the law have been satisfied.    p. 448.

7.  BILLS AND NOTES.—*Burden of Proof.*—*Consideration.*—Where want of consideration is pleaded by the maker of a promissory note as a defense to the suit of an indorsee of such note, the burden is on the defendant to prove such defense by a fair preponderance of the evidence bearing on that question.    p. 448.

8.  BILLS AND NOTES.—*Burden of Proof.*—*Fraud or Illegality.*—Where fraud or illegality in the execution or procurement of a note is set up as a defense to the suit of an indorsee, the burden is on the plaintiff to show his protection from such defense as a good faith purchaser for value before maturity of the note.    p. 448.

9.  BILLS AND NOTES.—*Indorsement.*—*Rights of Purchasers.*—Though a good faith purchaser for value before maturity of a negotiable promissory note, fair and regular on its face, payable at a bank in this State, is protected from defenses that might be available against the original payee, one dealing in commercial paper is required to use reasonable diligence and to take cognizance of any fact or circumstance that is reasonably calculated to excite the suspicion of a reasonably cautious person, and if the facts or circumstances are such as to put a reasonably cautious person on inquiry, he can not refrain from such inquiry and occupy the position of a good faith purchaser.    p. 449.

10. BILLS AND NOTES.—*Action by Indorsee.—Sufficiency of Evidence. —Notice.*—Notice to an indorsee of a promissory note of facts or circumstances to put him on inquiry may be shown by a fair preponderance of the evidence bearing on such issue.   p. 449.

11. APPEAL.—*Review.—Refusal of Instructions.*—Where the instructions given fully and accurately stated the law, there was no error in the refusal of requested instructions fully covered thereby or which were misstatements of the law.   p. 451.

12. APPEAL.—*Review.—Evidence.—Sufficiency.*—In an indorsee's action on a promissory note, defended on the ground that plaintiff was not a good faith purchaser for value before maturity, the verdict, being supported by evidence warranting the inference of every fact essential to the defense, was conclusive.   p. 451.

13. APPEAL.—*Verdict.—Conclusiveness.*—Where different inferences may be reasonably drawn from the evidence and the jury has drawn the inferences necessary to support the verdict, the judgment will not be reversed on the ground of insufficient evidence. p. 452.

14. WITNESSES.—*Competency.—Conversation with Decedent.*—In an indorsee's action on a note, purchased from the estate of the payee, who was dead, under circumstances exempting the estate from liability, the defendant was competent to testify to a conversation with decedent appertaining to the sale of merchandise for which the note was given.   p. 452.

From Blackford Circuit Court; *Wm. H. Eichhorn*, Judge.

Action by The Bright National Bank of Flora, Indiana, against Joseph B. Hartman and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*J. Earl Fouts, Joseph G. Leffler, Walter L. Ball* and *Albert E. Needham*, for appellant.

*Meade S. Hays* and *Koons & Koons*, for appellee.

FELT, J.—This suit was brought by appellant as assignee of a certain promissory note purchased from the administratrix of the estate of William M. Doty, deceased.   The suit was commenced in the Grant Superior Court where all the issues were formed.   The first five specifications of alleged error relate to rulings of the Grant Superior Court in the formation of the issues.   After the issues were

formed, the case was sent to the Blackford Circuit Court on change of venue. The other assignments allege error of the Blackford Circuit Court in overruling appellant's motion to suppress the deposition of F. A. Wood and in overruling its motion for a new trial.

Appellees contend that no question relating to the proceedings in the Grant Superior Court is duly presented and support their contention by the following propositions: (1) The *precipe* is not sufficient to authorize the incorporation of such proceedings in the transcript on appeal; (2) the clerk of the Blackford Circuit Court has not duly certified the proceedings of the Grant Superior Court to this court; (3) no official seal is shown to be attached to the certificate of the clerk of the Grant Superior Court in certifying the proceedings to the Blackford Circuit Court; (4) the pleadings copied into the transcript are not duly identified as the pleadings on which the rulings of the Grant Superior Court were based.

Considering the points suggested in the reverse order, we find that the transcript filed in this court does not show by any caption, statement or certificate of the clerk of the Grant Superior Court that the original pleadings and papers on file in that court were transmitted to the Blackford Circuit Court, but it does appear from what purports to be the certificate of the clerk of the Grant Superior Court, copied into the transcript to this court that "a full, true and complete copy of all the order book entries showing the proceedings" in the case was transmitted to the Blackford Circuit Court, though the record does not indicate that the seal of the clerk was attached thereto. Certain pleadings appear as a part of such transcript. The clerk of the Black-

ford Circuit Court certifies that the transcript from the Blackford Circuit Court "Contains full, true and correct copies of the originals of all pleadings, papers, documents and record filed or placed on file * * * in the office of the clerk of" the Blackford Circuit Court and "full, true and correct copies or the originals of all papers and entries in said cause as requested by the above and foregoing *precipe*." The *precipe* calls for "a transcript of all pleadings, papers, documents and records filed or placed on file in the above entitled cause * * * and all and singular of the papers, pleadings, documents and proceedings and order book entries made and filed in said cause in the Grant Superior Court and all motions, oral or written." The *precipe* is sufficient. On change of venue from a county, the statute requires the clerk to "forthwith transmit all the papers and a transcript of all the proceedings to the clerk of the court of the county to which the venue is changed." §424 Burns 1914, §413 R. S. 1881. On the record presented, this court is warranted in treating the pleadings copied into the transcript as the pleadings on which the case was tried, or in other words, appellees not having previously made any contention to the contrary, will not now be heard to say that such is not the fact. But such holding does not enable us to know to a certainty that the pleadings copied into the transcript are the identical pleadings, the sufficiency of which was questioned by demurrer in the Grant Superior Court. There is nothing in the record to enable this court to know that the pleadings, to which the demurrers were addressed, were transmitted to the clerk of the Blackford Circuit Court, or that the pleadings copied into the transcript on appeal are identi-

cal with those pleadings. *Consolidated Stone Co.
v. Staggs* (1905), 164 Ind. 331, 333, 73 N. E. 695;
*Chicago, etc., R. Co.* v. *Reyman* (1906), 166 Ind.
278, 279, 76 N. E. 970; *Evansville Furn. Co.* v.
*Freeman* (1915), 57 Ind. App. 576, 105 N. E.
258, 107 N. E. 27; *Southern Ind. R. Co.* v. *Martin*
(1903), 160 Ind. 280, 282, 66 N. E. 886; *Smith* v.
*Jeffries* (1865), 25 Ind. 376, 377; *Durbin* v. *North-
western Scraper Co.* (1905), 36 Ind. App. 123,
125, 73 N. E. 297; *Indianapolis, etc., Transit Co.*
v. *Andis* (1904), 33 Ind. App. 625, 628, 72 N. E.
145; *Dedrick* v. *Baumgartner* (1910), 46 Ind. App.
403, 92 N. E. 663; *Peterson* v. *Liddington* (1915),
60 Ind. App. 41, 108 N. E. 977. For the reasons
above stated, and on the authority cited, we
hold that the record does not sufficiently identify
the pleadings to enable this court to pass upon
the questions sought to be raised by the assign-
ments of error relating to the sufficiency of the
pleadings.

The error, if any, in overruling appellant's
motion to suppress the deposition of F. A. Wood
is waived by failure to present the same
3. in appellant's brief. Under the assignment
of error relating to the overruling of the
motion for a new trial, appellant has suggested
numerous errors relating to the evidence and the
instructions. Appellees contend that appellant's
*precipe* does not call for all the instructions;
4. that it is not general, but specifically directs
the clerk as to the instructions to be included
in the transcript and does not call for those tendered
by appellant and given. The first part of the
*precipe* is general and is broad enough to include
all the instructions. The specific directions are
not in conflict with the general *precipe*, and there-
fore do not exclude any of the instructions, all of
which are copied into the transcript. *Hartlage* v.

*Louisville, etc., Lighting Co.* (1913), 180 Ind. 666, 667, 103 N. E. 737; *Helms* v. *Cook* (1915), 58 Ind. App. 259, 108 N. E. 147.

To enable us to dispose of the questions relating to the evidence and the instructions, it is necessary to state briefly the character of the issues tried. The suit was on a promissory note executed by the appellees and assigned and transferred to appellant for value before maturity. The note was payable to "The Medical Chemical Company", in which name William M. Doty conducted his business. The administratrix of the estate of said Doty, by petition to the Delaware Circuit Court showed that the decedent, in his lifetime conducted the business of manufacturing and selling certain powders or stock foods in the name of "The Medical Chemical Company" and was the sole proprietor of the business; that the note of appellees, now in suit, was given for stock food purchased in the regular course of business by appellee, Joseph B. Hartman, for resale in certain designated territory in the State of Indiana; that the note was a part of the assets of the personal estate of said decedent, but not then due. On this petition, the court made an order for the sale and transfer of the note and appellant became the purchaser.

Issues were formed by an answer to the complaint in five paragraphs, the first of which was a general denial. The second paragraph proceeds on the theory that the business of the decedent, to whom the note was given, was subject to regulation by the pure food and drug laws of the State of Indiana; that the stock food for which the note was given was manufactured at South Omaha, Nebraska, and was subject to the Act of Congress approved June 30, 1906, prohibiting the manufacture or transportation of adulterated or misbranded or

deleterious foods and drugs; that neither of said laws were complied with by the decedent and the business was conducted in violation thereof; that appellant was not an innocent purchaser. The third paragraph of answer is on the theory that the stock food was worthless and there was no consideration for the note and that appellant was not an innocent purchaser. The fourth paragraph was substantially the same as the third. The fifth paragraph goes into detail to show that the powder or stock food sold appellee, Joseph Hartman, on contract, and for which the note in suit was given, had no value; that the contract of sale was procured by fraudulent representations of the vendor as to the nature and value of the stock food and drugs sold and as to the vendor's right to manufacture and sell the same; that the business was carried on in violation of the laws of Indiana (Acts 1907 p. 153, §§7638-7648 Burns 1914, Acts 1907 p. 354, §§7939-7949 Burns 1914), and of the pure food laws of the United States; that the note in suit was executed without any consideration therefor; that appellant had notice of the nature and character of the transaction and business aforesaid before the note in suit was purchased.

The first paragraph of reply is a general denial. The paragraphs of special reply allege in substance that appellant was a good-faith, innocent purchaser, for value before maturity, in the usual course of business, of the note in suit, which is a negotiable instrument payable at Marion National Bank, Marion, Indiana. It is the law in Indiana that where a statute forbids the carrying on of any business without first procuring a license, paying a tax, inspection, registration, complying with prescribed tests, or the like,

contracts relating thereto made by persons in carrying on such business are void, though the statute contains no express provision to that effect. *Beecher* v. *Peru Trust Co.* (1912), 49 Ind. App. 184, 187, 97 N. E. 23, and cases cited. Where a statute fixes certain requirements as conditions precedent to the right to carry on a certain business, or to the performance of certain acts, and affixes a penalty for noncompliance therewith, the party who seeks to enforce a right dependent upon such law has the burden of showing compliance therewith and may not rely upon the presumption that the requirements of the law have been satisfied. *Beecher* v. *Peru Trust Co.*, *supra*, 188, and cases cited.

Where want of consideration is pleaded by the maker of a promissory note as a defense to the suit of an indorsee of such note, the burden is on the defendant to prove such defense by a fair preponderance of the evidence bearing on that question. *Hill* v. *Ward* (1910), 45 Ind. App. 458, 460, 91 N. E. 38. Where fraud or illegality in the execution or procurement of a note is set up as a defense to the suit of an indorsee, the burden is on the plaintiff to show his protection from such defense as a good-faith purchaser for value before maturity of the note. *First Nat. Bank* v. *Rupert* (1912), 178 Ind. 669, 671, 100 N. E. 5; *Shirk* v. *Neible* (1901), 156 Ind. 66, 72, 59 N. E. 281, 83 Am. St. 150; *Ray* v. *Baker* (1905), 165 Ind. 74, 90, 74 N. E. 619; *First Nat. Bank* v. *Ruhl* (1890), 122 Ind. 279, 23 N. E. 766; *Pope* v. *Branch County Sav. Bank* (1899), 23 Ind. App. 210, 213, 54 N. E. 835; *Giberson* v. *Jolley* (1889), 120 Ind. 301, 303, 22 N. E. 306. While good-faith purchasers for

9. value before maturity of negotiable promissory notes, fair and regular on their face, payable at a bank in this State, are protected from defenses that might be available against the original payee, nevertheless, persons dealing in commercial paper are required to use reasonable diligence and to take cognizance of any fact or circumstance that is reasonably calculated to excite the suspicion of a reasonably cautious person. Where the facts or circumstances are such as would put a reasonably cautious person on inquiry as to defenses to a suit on the note, a purchaser thereof will be charged with such notice and knowledge as he might obtain by reasonable diligence. Under such conditions, he may not arbitrarily refrain from making inquiry or reasonable investigation to ascertain whether there is a defense to the note and if under such circumstances he does refrain from so doing he can not occupy the position of a good-faith purchaser for value before maturity. State Bank, etc. v Lawrence (1912), 177 Ind. 515, 519, 96 N. E. 947, 42 L. R. A. (N. S.) 326; Citizens Bank v. Leonhart (1890), 126 Ind. 206, 210, 25 N. E. 1099; Shirk v. Neible supra; State Nat. Bank v. Bennett (1894), 8 Ind. App. 679, 683, 36 N. E. 551; Thomasson v. Brown (1873), 43 Ind. 203, 206; Weyer v. Second Nat. Bank (1877), 57 Ind. 198.

The appellant tendered several instructions in which it asked the court to instruct the jury 10. that notice to appellant of defenses to the note to be available to appellees must show bad faith or dishonesty on the part of appellant, also that evidence to overcome the presumptions of good faith on the part of the purchaser of a negotiable instrument payable at a

bank in this State, "must lead irresistibly and conclusively to the conclusion that the purchaser actually had knowledge of the defenses to the note at the time of its purchase"; also that to defeat a recovery by appellant "it is not sufficient to show that he took it under circumstances which ought to excite suspicion in the mind of a prudent man". The court refused such instructions but gave a number tendered by both appellant and appellees. We are advised of no authority which supports appellant's contention as to the character of the notice to a purchaser of a promissory note, necessary to put him upon inquiry. as to defenses thereto. The party having the burden of any issue in a civil action is required only to prove the same by a fair preponderance of the evidence bearing on such issue. The court instructed the jury in accordance with the principles of law above announced, and said in substance that, if appellant purchased the note in suit before maturity for a valuable consideration and without notice or knowledge of any defense thereto, available as against the payee, it makes no difference what representations were made to appellees as to said stock powder, "neither does it make any difference as to whether said stock powder was valuable or had any value whatever, nor does it make any difference as to the quality of such stock powder, such defenses could not be applicable as against" appellant. Also that if the appellant was such innocent purchaser for value before maturity it would make no difference if "the defendant was swindled in the transaction, and received no consideration for said note"; that the purchaser might rely upon the genuineness of the signatures of the makers of the note and was not required to call upon them and inquire as to defenses to the note, unless there

was something on the face of the note to arouse the suspicions of a reasonably cautious person or the purchaser had such actual or constructive notice or knowledge of possible defenses thereto as would put a reasonably cautious man on inquiry in regard thereto, and that in such case the indorsee is affected with knowledge of all that the inquiry would reasonably have disclosed. The court also instructed the jury that, on the issue of no con-: sideration, the burden was on appellees to prove such defense by a fair preponderance of the evidence. The instructions refused were either misstatements of the law applicable to the case or were fully covered by others that were given. The instructions as a whole gave the jury a full, fair and accurate statement of the law applicable to the case under the issues and evidence disclosed by the record. No available error is shown either in the giving or the refusal of instructions.

A new trial was also asked on the ground that the verdict of the jury is not supported by sufficient evidence; that there is no evidence tending to show that the stock food sold appellees under contract and for which the note in suit was given was such as comes within the purview of the statutes of this State, regulating the manufacture and sale of such foods and medicines; that there is no evidence tending to prove that the contract and note of appellees were procured by fraud; that there was no consideration for the note or that appellants are not good-faith, innocent purchasers for value, before maturity, of the note in suit. Appellant purchased the note from the administratrix under an order of the court which disclosed the nature and character of the business of decedent, the

contract entered into by appellee, Joseph B. Hartman, and the fact that the note was given for the purchase of stock food under such contract. The contract shows the purchase of 35,000 pounds "of the Medical Chemical Company's powders" to be delivered at Danville, Indiana, for which appellees gave their note for $2,700, due December 1, 1911. The contract also provides that "if the goods are not all sold by December 1, the time on such part of goods not sold to be extended till they are sold", and goes into details as to territory shipments, and resale of the powder. These and other facts disclosed by the evidence were sufficient to warrant the jury in inferring every fact essential to appellee's defense. Where different inferences may be reasonably drawn from the evidence and the jury has drawn the inferences necessary to support the verdict, this court will not reverse the judgment on the insufficiency of the evidence.

13.

The appellee, Joseph B. Hartman, was permitted to testify to a conversation with the decedent, William M. Doty, appertaining to the sale of the stock food for which the note was given. Appellant objected on the ground that the death of one of the parties rendered the other incompetent under §521 Burns 1914, §498 R. S. 1881. As already shown, the note in suit was sold and transferred to appellant by the administratrix of the deceased owner. By such sale and assignment, the estate of the decedent was not made liable to appellant, either primarily or secondarily, as indorser or otherwise. The statute provides that: "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allow-

14.

ance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate." The administratrix was not a party to the issue or record and no judgment or allowance could "be made or rendered for or against the estate". The court did not err in admitting the evidence. *Durham* v. *Shannon* (1888), 116 Ind. 403, 405, 19 N. E. 190, 9 Am. St. 860; *Orndorf* v. *Jeffries* (1910), 46 Ind. App. 254, 257, 91 N. E. 608. The other questions relating to the evidence that are suggested do not show any ruling prejudicial to appellant. The fundamental question involved in the appeal is settled adversely to appellant by the case of *Beecher* v. *Peru Trust Co.*, *supra*.

The issue relating to the right of appellant to enforce collection of the note as an innocent purchaser for value before maturity was fairly and impartially tried so far as disclosed by the record. No ruling prejudicial to any substantial right of appellant has been pointed out. Appellant's contentions are in the main based on views of the law that can not be sustained either on principle or authority, and do not justify further detailed consideration.

The merits of the cause seem to have been fairly tried and determined. No ground for reversal is shown. §§400, 401, 700 Burns 1914, §§391, 392, 658 R. S. 1881. Judgment affirmed.

NOTE.—Reported in 109 N. E. 846. As to the burden of proof in an action on bill or note with respect to defense of want of consideration, see 18 Ann. Cas. 205.