**Joseph FAUST, Appellant**
**(Defendant Below),**

v.

**DESIGN CONSULTANTS, INC.,**
**Appellee (Plaintiff Below).**

No. 27A02–8806–CV–223.

Court of Appeals of Indiana,
Third District.

Sept. 5, 1989.

■

Dennis V. Panarisi, Carpenter & Panarisi, Marion, for appellant.

James T. Beaman, Marion, for appellee.

HOFFMAN, Judge:

Defendant-appellant Joseph Faust appeals from a judgment in favor of plaintiff-appellee Design Consultants, Inc. in a contract action seeking compensation for architectural and engineering services. The facts as found by the trial court are summarized below.

In March of 1986, Design Consultants, Inc. through its agent, Steve Johnson, agreed to provide design and drafting services for a proposed addition to Faust's residence. The parties agreed that Design Consultants, Inc. would prepare a complete set of drawings and specifications sufficient for bidding and construction, in accordance with Faust's wishes; submit the plans and specifications for bid; provide assistance to Faust, if requested, in explaining the drawings or bid to a potential lender; and inspect the project during and upon completion of construction. In consideration for such services, Faust agreed to pay Design Consultants, Inc. a fee equalling 3½% of the project cost as established by bidding.

After numerous meetings with Faust over a period of several months, Design Consultants, Inc. prepared a set of drawings and specifications sufficient for bidding and construction. Bowman Construction Company submitted a bid on the project in the amount of $462,540.00. Faust elected not to complete the project at that cost. Moreover, he decided not to entertain other bids on the project.

Design Consultants, Inc. presented a statement to Faust for its fee calculated at 3½% of $462,540.00. Faust made payments totalling $3,000.00, but he declined to pay the balance of the fee. The trial court determined that Faust's refusal to pay the agreed consideration constituted a breach of contract.

On appeal, Faust challenges the trial court's conclusion of law that there was a valid contract between Design Consultants, Inc. and Faust. The various appellate contentions may be consolidated and re-stated as one issue: whether the trial court's conclusion of law concerning the existence of a valid contract was clearly erroneous, because there was no showing that Design Consultants, Inc. complied with the statutory requirements for licensure applicable to professional engineers.

■ When a statute fixes certain requirements as conditions precedent to the right to carry on a particular business, noncompliance with the statute renders void any contracts made in carrying on the business, even if the statute contains no provision to that effect. *Bright Nat. Bank v. Hartman* (1915), 61 Ind.App. 440, 447–448, 109 N.E. 846, 849; *Beecher v. Peru Trust Co.* (1912), 49 Ind.App. 184, 187, 97 N.E. 23, 25. IND.CODE § 25–31–1–1 *et seq.* imposes the requirement of registration as a condition precedent to engaging in the practice of engineering. A threshold consideration, then, is whether Design Consultants, Inc. was engaged in the practice of engineering.

■ The practice of engineering is defined to include professional services or creative work such as consultation, investigation, evaluation, planning, design and supervision of construction for the purpose of assuring compliance with specifications and designs, in connection with any public or private structure. IND.CODE § 25–31–1–2(d) (1988 Ed.). Design Consultants, Inc. contracted to prepare drawings and specifications for an addition to Faust's residence, and the corporation further agreed to make periodic inspections during the course of construction and a final inspection upon completion of the project. Thus Design Consultants, Inc. was involved in planning, design and supervision of construction, which activities constituted the practice of engineering within the meaning of IND.CODE § 25–31–1–2(d).

■ Having determined that Design Consultants, Inc. was engaged in the practice of engineering, the next question is whether Design Consultants, Inc. was in compliance with the registration requirements of IND.CODE § 25–31–1–1 *et seq.* IND.CODE § 25–31–1–18 (1988 Ed.) is applicable to the corporate practice of engineering. That statute provides in pertinent part:

> "No partnership, firm or corporation doing business in the state of Indiana may be engaged in the practice of professional engineering ... unless such practice is carried on under the responsible direction and supervision of a registered professional engineer ... who is a principal of the firm or partnership or officer of the corporation."

Design Consultants, Inc., as the party seeking to enforce contractual rights dependent upon IND.CODE § 25–31–1–1 *et seq.*, had the burden of showing compliance with the statute. *See Bright Nat. Bank, supra,* 61 Ind.App. at 448, 109 N.E. at 849. Testimony adduced at trial established that four persons comprised the corporation of Design Consultants, Inc.: one professional engineer registered and licensed in the state of Indiana and three draftsmen. Such evidence demonstrated compliance with IND.CODE § 25–31–1–18 (1988 Ed.).

It is well settled in Indiana that findings of fact and conclusions of law entered by a trial court will not be set aside on appeal unless they are clearly erroneous. *Harris v. Primus* (1983), Ind.App., 450 N.E.2d 80, 83. A review of the record in the instant case does not leave this Court with a definite and firm conviction that the lower court was mistaken when it concluded that a valid contract existed between Design Consultants, Inc. and Faust. Accordingly, the judgment in favor of Design Consultants, Inc. is affirmed.

ROBERTSON and BUCHANAN, JJ., concur.