No. 1,103.

## THE WHITESTOWN MILLING COMPANY *v.* ZAHN.

ATTORNEY AND CLIENT.—*Powers of Attorney.—Mode of Trial.—Waiver of Right of Trial by Jury.*—An attorney represents his client in all matters relating to the mode of procedure, and he may bind his client in regard to the manner of trial (whether it shall be by jury or by the court), by his agreement in open court entered upon the minutes of the court.

From the Boone Circuit Court.

*H. C. Wills,* for appellant.

*S. M. Ralston* and *M. Keefe,* for appellee.

LOTZ, J.—The appellee sued the appellant, in the court below, to recover damages for the alleged breach of a parol contract for the delivery of five car loads of wheat. The appellant answered the complaint by the general denial. There was a trial by the court without the intervention of a jury, which resulted in a finding and judgment in favor of appellee.

One of the causes for which a reversal of the judgment is sought is, that the trial court erred in refusing the appellant a trial by jury.

This question is presented both by a bill of exceptions and by a motion for a new trial.

The order-book entry relating thereto is as follows: "Come the parties * * * and it having been agreed, on yesterday, that the jury should be waived, and cause tried by the court, the attorneys being fully agreed in open court, and said jury having been discharged by the court, the defendant now demands a trial by jury, to which the plaintiff objects, and the court sustains said objection, to which ruling the defendant excepts, and this cause is now submitted to the court for trial."

The bill of exceptions shows, that on the 10th day of

The Whitestown Milling Company *v.* Zahn.

April, 1893, the cause was set for trial on April 21st; that afterwards, on April 20th, "the day preceding the day on which the cause was set for trial, the judge of said court called upon the attorneys representing the plaintiff, and demanded to know if they wanted a jury to try said cause, whereupon the attorneys representing each side of said cause announced, in open court, that they did not want a jury in said cause; that thereupon said judge of said court discharged the regular panel of the jury for said term, until Monday, the 24th day of April, 1893; that afterwards, on the 21st day of April, 1893, when said cause was called for trial in the Boone Circuit Court, the secretary and treasurer of the defendant, its general manager and principal owner, was in court representing the interest of it on said trial, in person, and, on behalf of the defendant, demanded a trial of said cause by a jury, and refused to be bound by the action of his attorney on the previous day; that thereupon the judge of said court refused the defendant a trial by jury of said cause, and proceeded to hear and determine said cause himself; to which action  *  *  * the defendant then and there excepted."

The issue joined in this case was triable by jury. The right to a trial by jury is a high privilege, and is guaranteed by both federal and State constitutions; but it is a privilege which may be waived.

By section 550, R. S. 1881, it is provided that a jury may be waived—

First. By failing to appear at the trial.

Second. By written consent in person or by attorney filed with the clerk.

Third. By oral consent in open court entered on the record.

A waiver of a trial by jury can only be made in the

manner specified by statute.  *Shaw, Admr.,* v. *Kent,* 11 Ind. 80.

If the appellant waived a jury in this case, it must have done so under the third subdivision of section 550, *supra.*

Oral consent may be by acts as well as words.  *Hauser* v. *Roth,* 37 Ind. 89.

The record from which we have above quoted shows that appellant's counsel gave his oral consent for the waiver of a trial by jury, and this consent was entered on the record.   It does not affirmatively appear that the appellant was not represented in court by its general manager when the oral consent to waive a trial by jury was entered, but conceding that it was represented by its attorney only, what were the powers of the attorney in relation to a waiver of a trial by jury?   It is made the duty of the judges of the circuit courts to arrange and regulate the order of business in their respective circuits (section 405, R. S. 1881), and they are required, as far as practicable, to so arrange the cases to be tried by the court, that the same may be tried after the discharge of the jury; and the jury shall be immediately discharged when the issues requiring it shall be disposed of (section 519, R. S. 1881).   And such courts are required to adopt rules for conducting the business therein, and for the purpose of simplifying and expediting the proceedings and decision of causes, and diminishing costs (section 1323, R. S. 1881).

The action of the trial court in requiring the parties to elect whether they would try the cause by the court or by a jury was a proper exercise of the discretion given it by statute, and was in line with a speedy, orderly and economical administration of justice.

The method of procedure in a court of justice is usually complicated, and requires a person skilled therein

in order to protect the rights of a party litigant. A litigant generally finds it necessary to employ such a person in prosecuting or defending an action. An attorney is one who is set in the turn or place of another. He represents his client in all matters relating to the mode of procedure, and he may bind his client in an action or special proceeding, by his agreement filed with the clerk or entered upon the minutes of the court, but not otherwise. Section 968, R. S. 1881.

He may do, on behalf of his client, all acts, in or out of court, necessary or incidental to the prosecution or management of the suit, which affect the remedy only, and not the cause of action. *Inhabitants of Buckland* v. *Inhabitants of Conway*, 16 Mass. 396; *Stokely* v. *Robinson*, 34 Pa. St. 315; *Holker* v. *Parker*, 7 Cranch (U. S.), 436; *Brooks* v. *New Durham*, 55 N. H. 559.

A mode prescribed by law to enforce a duty or redress a wrong is a remedy. Trial by jury relates to the remedy, and might be waived by the attorney of the appellant.

We do not think there was any error in the action of the court in refusing to call a jury to try the case, under the circumstances disclosed by the record.

The appellant also contends that the court erred in overruling its demurrer to the complaint.

We have examined the complaint with care, and are satisfied of its sufficiency.

It is also insisted that the motion for a new trial should have been sustained because the verdict was excessive.

As the evidence is not in the record, we can not pass upon this question.

Judgment affirmed, at the costs of appellant.

Filed Feb. 21, 1894.