(29 Misc. Rep. 58.)

### NIMS v. MERRITT et al.

(Supreme Court, Special Term, New York County. September, 1899.)

VENUE—ACTION ON UNDERTAKING RELEASING MECHANIC'S LIEN.

　　Where a mechanic's lien has been released by an undertaking given for that purpose, an action against the original contractors and the sureties on such undertaking to collect the amount of the lien is not an action affect-

ing real property, which must be tried in the county where the property is situated, as required by Code Civ. Proc. § 982, and hence a motion to change the place of trial to the county in which the real estate on which the lien was filed is situated, on the ground that the action affects real estate, will be denied.

Action by Alvin F. Nims against Edward A. Merritt and others to collect a certain sum of money. Motion to change the place of trial. Motion denied.

Henry Purcell, for plaintiff.
Everett & Ginn, for defendants.

RUSSELL, J. The sole ground of the motion to change the place of trial from the county of Jefferson to the county of St. Lawrence is that the former county is not the proper county, as the action is to collect upwards of $17,000 by force of a mechanic's lien upon the property of Merritt & Tappan at Hannawa Falls, on the Raquette river, in the county of St. Lawrence, and therefore it is claimed that this is an action affecting real property, which must be tried in the county where the property is situate, under section 982 of the Code of Civil Procedure. This claim would be undoubtedly correct were the action one for foreclosure of a mechanic's lien. But, after the filing of that lien, Merritt & Tappan bonded the claim, so that it ceased to be any longer a lien against the real estate, which is no longer affected by any issues in this litigation. The two sureties who signed the undertaking to release the lien are made parties defendant with the original contractors, and a judgment is asked for a recovery against the four for the amount established upon the trial. In this action there could be no foreclosure without a radical amendment of the complaint, and, as the premises appeared on the record at the time the action was begun, the same may be conveyed or incumbered by the owners without any burden whatever from the claim of the plaintiff. Care must be taken to distinguish between an action affecting real estate which is triable in the county containing the property and an action for the recovery of money in which the subject-matter of the investigation may be services rendered or materials furnished for real property. In the latter case the consideration of the situs might be important upon a motion to change the place of trial for the convenience of witnesses, or to promote the ends of justice, but it does not afford the peremptory right sought to be enforced upon this motion. Motion denied, with $10 costs to abide the event.

Motion denied, with $10 costs to abide the event.