## The Meriden Hydro-Carbon Arc Light Co. v. W. A. Anderson, for the use, etc.

### Gen. No. 10,808.

1. ATTORNEY—*authority of, to bind his client.* An agreement made in open court by an attorney, who has been retained by a defendant, that a judgment may be taken against his client for a certain sum, is binding upon such client in the absence of fraud, collusion, surprise, or some ground of the same nature, unless it appears that such attorney is insolvent.

2. ATTORNEY—*authority of, to bind his client.* An attorney cannot bind his client as to matters collateral to his employment, while he may, subject to certain exceptions, do so as to matters which are directly within his employment as an attorney.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed December 18, 1903.

HORNSTEIN & COITH, for appellant.

No appearance for appellee.

**Statement by the Court.** Appellee Anderson, for the use of appellee Habel, brought a suit in assumpsit in the Superior Court against appellant, a c⸗rporation. The declaration contains the common counts only. The summons was duly served and, at the June term, 1901, appellant appeared by attorney and filed a plea of non-assumpsit. At the February term, 1902, the cause was reached for trial on the short cause calendar and the following order was entered therein:

" On motion of defendant's attorney it is ordered that leave be and is hereby given the defendant to withdraw its plea filed in said cause and on the agreement of the parties to this suit, now here made, in open court, it is ordered that final judgment be entered herein against the defendant and in favor of the plaintiff for the sum of two hundred and seventy-five dollars."

Then follows the judgment.

At the same term defendant moved to vacate the judgment and filed in support of such motion three affidavits. These affidavits state that the defendant has a good defense to the whole of plaintiff's demand, and state the facts constituting such defense with as much detail as could be expected in view of the fact that the particulars of plaintiff's demand cannot be ascertained from the papers filed in the cause by plaintiff. They further state that the attorney who withdrew the plea and consented to the judgment did so without the knowledge or consent of and without authority from the defendant or any of its officers.

The attorney of appellant was retained by the officers of the appellant corporation to defend said suit. No express authority to consent to the judgment is shown.

MR. JUSTICE BAKER delivered the opinion of the court.

The case turns upon the question whether the attorney of appellant corporation in the Superior Court had implied authority when the case was reached for trial to consent to a judgment against his client. In People v. Lamborn, 1 Scam. 123, which was a rule on defendant to show cause why his name should not be stricken from the roll of attorneys, it was said: "The court is of opinion that a lawyer employed to defend a suit is not authorized to consent to the entry of a judgment against his client without his assent."

In Wadhams v. Gay, 73 Ill. 415, 426, it was said: "An attorney has no implied authority to compromise or give up any right of his client, nor to consent to a judgment against his client." In that case the solicitors who filed an answer for Flagler, a defendant, were not retained by Flagler to defend the suit, but in an amicable suit for partition were requested by the complainant to file an answer for Flagler. In Phister v. Wade, 69 Cal. 133, and Ohlquest v. Farwell, 71 Iowa, 231, the same general language is used, but in Phister v. Wade an attorney in one case confessed a judgment against his client in another case, and in Ohlquest v. Farwell an attorney for a defendant in two cases involving substantially the same question, stipulated that judgment in

one should be binding in the other.   The decisions in the Louisiana cases cited by appellant's counsel are based upon the provision of the Civil Code of that state.   There are many cases which hold that an attorney has such implied authority.   In Wilson v. Spring, 64 Ill. 14, an attorney duly employed to defend a bill to foreclose, admitted that a certain sum was due and for that sum a decree was entered and such admission was the only evidence in the record to support the decree appealed from.   That the precise question now before us was considered and decided by the Supreme Court in Wilson v. Spring appears not only from the facts of the case but from the language of the opinion, in which it was said : " It is not denied that the solicitor was regularly retained and fully empowered to act in the case, and in this proceeding, having so acted, we must presume that it was by authority, *and it is binding* to the *extent that the law permits an attorney to bind his client.*   It has never been contested so far as we are aware that an attorney retained in a case may on the trial make admissions and waive rights of his client which will be as binding as if made by himself.   This is necessary from the very nature of the employment.   If wrongfully made he is liable to his client for the injury he sustains thereby.   *   *   *   It has been repeatedly held that an attorney may admit facts on the trial, or in pleading, waive a right of appeal, review, notice, etc., and confess a judgment.   *   *   *   From these adjudged cases, as well as upon principle, it is apparent that such admissions as were made on the trial in this case must bind the party unless fraudulently or collusively made;   nor can it matter that one of the parties is a *feme covert;* having committed her rights to an attorney she must be held to have the power to do the same acts on the trial which she could perform in person, and no one can controvert her power to admit that a particular sum was due on a mortgage executed by her."

The distinction between acts which an attorney has implied authority from his client to do and those which he has not such authority, seems to be, between an act collat-

eral to, and one directly within the employment and duty of an attorney.

" The act of the attorney shall *prejudice* his master in the *principal matter;* for if he confess the action without the consent and will of the master this shall bind his master; but otherwise in collateral matters." 3 Viner's Abridgt., 304. "An attorney being in court instead of his client or in his 'place and turn,' may make any disposition of the suit and any admission of facts which the party himself could make. 1 Salk. 86." Alton v. Gilmanton, 2 N. H. 520. An agreement made by an attorney that a judgment may be taken in a suit in which he has been retained by the defendant, for a certain sum against his client, made in court when the case is reached for trial, is a principal, not a collateral matter, and in the absence of fraud, collusion, surprise or some ground of the same nature, or the insolvency of the attorney, the client is bound by the agreement of his attorney.

Here the attorney agreed on a judgment for $275 in place of $380, the amount stated to be due in the affidavit filed with the declaration, and the only ground upon which that judgment was sought to be set aside was that the agreement that such judgment should be entered was made by the attorney without authority from his client. We hold that the attorney had implied authority to make the agreement and consent to the judgment and the order and judgment appealed from will therefore be affirmed.

*Affirmed.*

Mr. Justice STEIN having presided at the hearing of this case in the trial court, did not participate in the foregoing decision.