### Richard P. Leahy v. Horatio O. Stone, et al.

#### Gen. No. 10,349.

1. STIPULATION—*when client bound by stipulation of his attorney.* Where the client acts upon and takes advantage of a stipulation entered into by his attorney with the attorney of the adverse party, he recognizes such stipulation and is bound thereby, notwithstanding its execution may have been unauthorized.

2. APPEAL—*power of attorney to waive.* An attorney in a case has an implied authority to enter into a stipulation in advance of the trial

Leahy v. Stone.

that the judgment which may be entered therein shall be final, and that no appeal or writ of error shall be prosecuted therefrom.

Action of assumpsit.   Error to the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1903.   Writ of error dismissed. Opinion filed July 12, 1904.

**Statement by the Court.**   Defendants in error brought suit in assumpsit against plaintiff in error, for their commissions in leasing certain real estate for him.   When the cause was reached for trial the defendant failed to appear and the plaintiffs obtained a verdict against him for $600, upon which judgment was entered.   Defendant moved to set aside the judgment and verdict and filed affidavits in support of his motion.   Four months after this motion was made there was filed in the cause a stipulation in writing which provided that a jury should be waived and the cause submitted for trial without a jury and further provided that " the judge by whom said cause shall be tried shall be Judge Oliver H. Horton, and that his finding and judgment upon said trial shall be final, that is to say no appeal or writ of error shall be prosecuted by either plaintiffs or defendant to reverse the judgment to be entered by Judge Horton, all errors which may intervene in the trial of said cause being hereby expressly waived, as is also the right of appeal herein.

" The defendant has deposited with John A. Cooke, the Clerk of said Circuit Court, his certified check for the sum of ($625.00) six hundred and twenty-five dollars, which shall be repaid to him if the judgment of Judge Horton shall be in his favor, but if the judgment of Judge Horton shall be in favor of the plaintiffs and against said defendant, then said John A. Cooke, Clerk, shall pay to the plaintiffs so much of said sum as is necessary to satisfy said judgment and costs, and shall pay the balance, if any, to the defendant."

The stipulation was signed, " Edwin L. Harpham, attorney for plaintiffs; Masterson & Haft, attorneys for defendant."

The attorneys who signed the stipulation were the attorneys of record in the cause. The defendant deposited with the clerk his certified check as recited in the stipulation and thereupon on the day the stipulation was filed an order was made that the verdict and judgment be set aside and vacated. A few weeks later the cause was again tried before Judge Horton without a jury and there was a finding and judgment for the plaintiffs and against the defendant for $600 and costs. By agreement of parties plaintiffs' costs were taxed at $11. The clerk was ordered to pay, out of the fund of $625 so deposited with him by the defendant, $611 to the plaintiffs and the remaining sum of $14 to the defendant. A motion to set aside the finding and judgment was made and denied. The defendant then prayed an appeal which was denied. This writ of error was then sued out and the defendants in error here move that the writ of error be dismissed.

A. S. LAKEY, for plaintiff in error.

EDWIN L. HARPHAM, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The contention of the plaintiff in error is, that notwithstanding the stipulation that this judgment should be final and that no appeal or writ of error should be prosecuted to reverse the same by either party, this writ of error can be sustained because the stipulation was signed, not by the defendant, but by his attorneys for him, and that attorneys have no implied authority to make such a stipulation.

The certified check of the defendant was deposited with the clerk in pursuance of the terms of the stipulation. The judgment was vacated and the defendant took part in the second trial and testified in his own behalf at that trial. If he did not authorize his attorneys to sign the stipulation he ratified their act in signing it, took advantage of it, and is as much bound by it as though he himself had signed it.

We are also of the opinion that the attorneys of the de-

fendant had implied authority to stipulate that the judgment rendered on the second trial should be final and that no appeal or writ of error to reverse the same should be prosecuted.    In Wilson v. Spring, 64 Ill. 14, it was said (p. 18): "It has been repeatedly held that an attorney may admit facts on the trial or in pleading, waive a right of an appeal, review, notice, etc., and confess a judgment."    Talbot v. McGee, 4 Monr. 377; Pike v. Emerson, 5 N. H. 393; Alton v. Gilmanton, 2 N. H. 520.    In Pike v. Emerson, *supra*, it was held that an attorney has implied authority to make such a stipulation.    In Meriden Hydro-Carbon Arc Light Co. v. Anderson, 111 Ill. App. 449, we said : " The distinction between acts which an attorney has implied authority from his client to do and those for which he had not such authority, seems to be, between an act collateral to and one directly within the employment and duty of an attorney.  ' The act of an attorney shall *prejudice* his master in the *principal matter;* for if he confess the action without the consent and will of the master, this shall bind the master, but otherwise in collateral matters.'    3 Viner's Abridgt. 304.  'An attorney being in court instead of his client or in his 'place and turn,' may make any disposition of 'the suit and any admission of facts which the party himself could make.    1 Salk, 86; Alton v. Gilmanton, 2 N. H. 520."

The attorneys who signed the stipulation were employed to defend, in the Circuit Court, the suit brought against the defendant.    It was to enable them to present his defense that the stipulation was made; it relates to the proceedings in the cause and was filed in the cause.    Such a stipulation is a principal, not a collateral matter, and the defendant was bound by it.

As the stipulation that no writ of error should be prosecuted to reverse the judgment appears in the record, the defendant may properly move to dismiss the writ of error upon the record.    Farwell v. Sturges, 165 Ill. 252, 274.

The writ of error will be dismissed.

*Writ of error dismissed.*