600    APPELLATE COURTS OF ILLINOIS.

Hill Construction Co. v. Chicago, R. I. & P. Ry. Co., 174 Ill. App. 600.

Hill Construction Company, for use of The Reddy Roofing
Company, Defendant in Error, v. Chicago, Rock Island &
Pacific Railway Company, Garnishee, Plaintiff in Error.

### Gen. No. 16,780.

1. APPEALS AND ERRORS—*bill of exceptions.* Where in garnishment
the court makes certain findings from the answer of the garnishee
and the "admissions of counsel;" the admissions of counsel made in
open court are presumed sufficient to sustain the findings of the trial
court where there is no bill of exceptions on file.

2. MUNICIPAL COURT—*admissions of counsel.* Under the Municipal
Court Act, § 48, in a fourth class case in the Municipal Court, the
admissions of counsel need not be under oath.

3. MUNICIPAL COURTS—*judgment.* The question as to whether in
a fourth class action the Municipal Court has power to enter judg-
ment against the garnishee for an amount in excess of $1,000, is
not a jurisdictional question, but a question as to the form of a
judgment, which should be raised in the trial court and cannot
be raised on a petition for rehearing on appeal.

Error to the Municipal Court of Chicago; the HON. CHARLES N.
GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at
the October term, 1910. Affirmed. Opinion filed October 3, 1912.
Opinion refiled on rehearing November 14, 1912.

CHARLES T. SCHWARTZ, for plaintiff in error; M. L.
BELL and T. R. BEMAN, of counsel.

WILLIAM KAN STEELE and CLARENCE J. SILBER, for
defendant in error; CLARENCE J. SILBER, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the
court.

This is a suit in garnishment, brought by the Hill
Construction Co., for the use of The Reddy Roofing
Co., against the Chicago, Rock Island & Pacific Rail-
way Co., upon a judgment theretofore obtained by The
Reddy Roofing Co. against the Hill Construction Co.
for $187.57. The Railway Company filed an answer
with a copy of the contract between the Hill Construc-

CHICAGO—FIRST DISTRICT—NOVEMBER, 1912. 601

Hill Construction Co. v. Chicago, R. I. & P. Ry. Co., 174 Ill. App. 600.

tion Co. and the Railway Company attached. The cause coming before the trial court, it made certain findings of fact "from a consideration of the answer of said garnishee and the admissions of counsel now here made in open court on behalf of said garnishee," and upon such findings judgment was entered against the garnishee.

There is no bill of exceptions in the record. We, therefore, must presume that the admissions of counsel made in open court on behalf of the garnishee were sufficient to sustain the findings of the trial court. Blair v. Ray, 103 Ill. 615; Barger v. Hobbs, 67 Ill. 592; Miller v. Glass, 118 Ill. 443; Boyles v. Chytraus, 175 Ill. 370.

This is a case of the fourth class in the Municipal Court, and the admissions of counsel need not be under oath. Illinois Statutes, Chapter 37, Municipal Court, Section 48.

"It has been repeatedly held that an attorney may admit facts on the trial." Wilson v. Spring, 64 Ill. 14, 18; Meriden Hydro-Carbon Arc Light Co. v. Anderson, 111 Ill. App. 449; Leahy v. Stone, 115 Ill. App. 138.

No error appearing upon the record, the judgment will be affirmed.

*Affirmed.*

A petition by plaintiff in error for a rehearing having been allowed, there is now presented to this court a question as to the form of the judgment entered by the trial court. It is suggested that, this being a fourth class case, the Municipal Court had no power to enter judgment against the garnishee for an amount in excess of $1,000, even though the judgment of the Reddy Roofing Company was for less than $1,000; and it is claimed that this being a jurisdictional question, it can be raised at this stage of the proceedings, although not raised before.

We are of the opinion that this is not a jurisdic-

tional question, but merely a question as to the form of the judgment, which should have been raised in the trial court. It comes too late upon a petition for a rehearing.

The opinion heretofore rendered is refiled and the judgment affirmed.

*Affirmed.*