H. W. PALEN'S SONS, Plaintiff, *v.* NELSON & CAULKINS, INC., and Others, Defendants.

Supreme Court, Ulster County, April 25, 1927.

Trial — place of trial — action to foreclose mechanic's lien for public improvement is, under Civil Practice Act, § 183, and Lien Law, § 43, triable in county in which subject of action is situated — provision as to enforcement of lien as contained in Lien Law, § 42, is mandatory — action brought in county where lienor has office transferred to county in which property is located.

This action to foreclose a mechanic's lien on moneys due on a contract for public improvement is a local action which, under section 183 of the Civil Practice

Act and section 43 of the Lien Law, must be brought in the county in which the subject of the action is situated.

While section 42 of the Lien Law contains the phrase "may be enforced," etc., the provision must be regarded as mandatory so far as the place of trial of the action to enforce a mechanic's lien on real property is concerned; therefore, it follows that the venue of this action which is laid in Ulster county where plaintiff has its principal office must be changed to Suffolk county where the contract is being performed and where the subject of the action is situated.

MOTION to change place of trial.

*William D. Cunningham,* for the plaintiff.

*Alfred Ekelman,* for the defendant Nelson & Caulkins, Inc.

*Robins, Wells & Housel,* for the defendant John L. Abrew.

*Harry Paul Fischel,* for the defendant Union Free School District No. 1, town of Babylon, Suffolk county, N. Y., for the motion.

NICHOLS, J.   This is an action brought by the plaintiff, a domestic corporation, to foreclose a lien on moneys due under a contract for a public improvement in Suffolk county, N. Y.   The venue of the action is laid in Ulster county.   The plaintiff is a material-man, and the defendant Nelson & Caulkins, Inc., is the contractor.   The defendant union free school district of the town of Babylon, etc., is a domestic municipal corporation making the public improvement, a high school building located in the town of Babylon, Suffolk county, N. Y.   Defendants have made the demand required by statute in a local action to change the place of trial from the county of Ulster where the venue is laid to the county of Suffolk in which last-mentioned county the public improvement is located and carried on.   The sureties on the undertaking to release the lien have not been made parties defendant with the original contractor.   The sole question before this court on the motion to change the place of trial is the question whether this action in its present form is a local action triable in the county of Suffolk or a transitory action triable in the county where the plaintiff's principal office is located.

By section 42 of the Lien Law (as added by Laws of 1911, chap. 873) it is provided:

"§ 42.  Enforcement of a lien under contract for a public improvement.   A lien for labor done or materials furnished for a public improvement may be enforced against the funds of the state or the municipal corporation for which such public improvement is constructed, to the extent prescribed in article two of this chapter, and against the contractor or subcontractor liable for the debt, by a civil action, in the same court and in the same manner as a mechanic's lien on real property."

By section 43 of the Lien Law it is provided as follows:

" § 43. Action in a court of record; consolidation of actions. The provisions of the code of civil proceedure, relating to actions for the foreclosure of a mortgage upon real property, and the sale and distribution of the proceeds thereof apply to actions in a court of record, to enforce mechanics' liens on real property, except as otherwise provided in this article. If actions are brought by different lienors in a court of record, the court in which the first action was brought, may, upon its own motion, or upon the application of any party in any of such actions, consolidate all of such actions."

Section 982 of the Code of Civil Procedure, referred to in the last quoted section, provides, among other things, as follows:

" § 982. Certain actions to be tried where the subject thereof is situated. Each of the following actions must be tried in the county, in which the subject of the action, or some part thereof, is situated;  *  *  *  to foreclose a mortgage upon real property, or upon a chattel real;  *  *  * " and this section is re-enacted in section 183 of the Civil Practice Act, as follows: " § 183. Place of trial of real property action. Each of the following actions in the Supreme Court must be tried in the county in which the subject of the action or some part thereof is situated:  *  *  * 4. To foreclose a mortgage upon real property, or upon a chattel real;  *  *  *."

While section 42 of the Lien Law uses the term "may be enforced," etc., I construe that as mandatory so far as the place of trial of the action to enforce a mechanic's lien on real property is concerned; and the statement in section 43 of the Lien Law, " The provisions of the code of civil procedure, relating to actions for the foreclosure of a mortgage upon real property," etc., relates not only to section 1626 down to and including section 1637 of the Code of Civil Procedure, " (Article 4, title 1, chapter 14, Action to foreclose a mortgage)," but also include the provisions of article 2, title 1, chapter 10, " The place of trial." Section 982, above quoted, and subsequently re-enacted in the Civil Practice Act, relates to sections to foreclose a mortgage, including the portions of section 183 above quoted.

The case of *Nims* v. *Merritt* (29 Misc. 58; affd., 45 App. Div. 631) is not in point as that case was an action against the sureties on an undertaking to release the lien and not one of foreclosure of a mechanic's lien, that fact being pointed out expressly by Mr. Justice RUSSELL in his opinion.

It, therefore, follows that the action is purely a local one and the place of trial must be changed from the county of Ulster to the

county of Suffolk; but as none of the defendants making the motion, except the defendant Nelson & Caulkins, Inc., have asserted any any defenses to the proposed action that has been brought to my attention, no costs are allowed, except ten dollars costs to the defendant Nelson & Caulkins, Inc.