H. W. PALEN'S SONS, Appellant, *v.* NELSON & CAULKINS, INC., and Others, Respondents.*

Third Department, January 17, 1928.

Trial — place of trial — change of place — action to foreclose mechanic's lien upon fund for construction of school building — lien is provided for by Lien Law, §§ 5, 12 — enforcement is provided by Lien Law, § 42 — action does not affect real property — action is transitory and need not be tried in county where building is located — Civil Practice Act, § 183, not applicable — order changing place of trial, on ground that action was local, reversed.

This is an action to foreclose a mechanic's lien upon funds due under a contract for the construction of a school building, and the complaint does not ask for a lien upon nor a sale of real property. It was error for the court to change the place of trial on the theory that the action was local and not transitory and must be brought in the county where the real property is situated.

The lien is authorized by section 5 of the Lien Law and is a lien upon public funds and not upon real property, and the distinction is recognized by the provisions of section 12 of the Lien Law in reference to notice of lien. Likewise, the provisions for the enforcement of the lien contained in section 42 of the Lien Law recognize a distinction between a lien upon public funds and upon real property. Therefore, the action is not local, for the enforcement of a lien upon real property and the sale of the property, but is transitory, and may be tried in the county where the plaintiff resides.

Section 183 of the Civil Practice Act, providing that an action in any wise affecting a lien or other interest in real property must be tried in the county in which the subject of the action, the real estate, is situated, has no application. The fact that in this action the claim has been bonded, in no wise affects the merits.

DAVIS, J., dissents.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of Ulster on the 28th day of April, 1927.

The order appealed from changed the place of trial from the county of Ulster to the county of Suffolk.

*William D. Cunningham,* for the appellant.

*Alfred Ekelman,* for the respondent Nelson & Caulkins, Inc.

*Robbins, Wells & Housel,* for the respondent John L. Abrew.

VAN KIRK, J. The order appealed from, changing the place of trial, was made on the sole ground that this is not a transitory action, but is a local action because an action to foreclose a mechanic's lien. (129 Misc. 478.) In this holding we think the court erred. The action is to enforce a lien for labor done and materials furnished for a public improvement, namely, a school

* Revg. 129 Misc. 478.

building.   The recovery sought is a determination of the amount of the claim and a lien upon the funds due under the contract; also a judgment against the municipality payable out of those funds and against the defendant for the amount due to plaintiff.   Neither a lien upon, nor a sale of, real property is asked.

Two distinct liens for labor and material furnished for the improvement of real property are declared in the Lien Law: (1) Upon the real property (§ 3); and (2) under contracts for public improvements upon the moneys of a municipal corporation to the amount due or to become due under the contract (§ 5, added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507).   A separate and appropriate notice of lien is required for each (§ 9, as amd. by Laws of 1916, chap. 507; § 12, added ·by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507).   Also there are two distinct provisions for enforcement of the respective liens (§§ 41, 42).   Section 42 (as added by Laws of 1911, chap. 873) applies to the lien under a contract for a public improvement only, as follows: " A lien for labor done or materials furnished for a public improvement may be enforced against the funds of the State or the municipal corporation for which such public improvement is constructed, to the extent prescribed in article·two of this chapter [§ 5, *supra*], and against the contractor or subcontractor liable for the debt, by a civil action, in the same court and in the same manner as a mechanic's lien on real property."   This case comes under that section; the lien may be enforced against the fund only and " to the extent prescribed in article two " (§ 5); no sale is provided for; while under section 41 the lien may be enforced against the real property by a sale thereof and distribution of the proceeds (§ 43).   The expression in section 42, " in the same court. and in the same manner as a mechanic's lien on real property," cannot, in view of the other provisions of this law, authorize the sale of the real property improved; it cannot convert a lien upon money into a lien upon real property.   The judgment obtainable in this action cannot, in any wise, affect any title or interest in real property.   No lien is declared by the statute against the real estate of the municipality upon which the improvement has been erected.

Section 183 of the Civil Practice Act does not affect the decision; it requires that an action " to foreclose a mortgage upon real property, or upon a chattel real " or in any wise ·" affecting an estate, right, title, lien or other interest in real property or a chattel real " must be tried in the county in which the subject of the action, the real estate, or some part thereof is situated.   This action can in no wise affect any interest in real estate.

The question does not seem to have been decided in this State,

but *Nims* v. *Merritt* (29 Misc. 58; affd., 45 App. Div. 631) is analogous. There had been a lien upon real property, but the claim had been bonded and thus the lien upon the real estate had been released; in the complaint no demand was made for foreclosure of the lien as against the real estate. Since there existed no lien against the real estate and the action was " for the recovery of money " the action was held to be transitory.

The fact that in this present case the claim has been bonded in no wise affects the merits. (*Harley* v. *Plant*, 210 N. Y. 405, 410.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Cochrane, P. J., Hinman and Whitmyer, JJ., concur; Davis, J., dissents and votes for affirmance.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.