## In re JOHN CONDON CONTRACTING CO., Inc.*
### No. 21535.

District Court, E. D. New York.

Oct. 21, 1932.

Francis Bergan, of Albany, N. Y., for petitioner.

Joseph A. Murphy, of Albany, N. Y., for plaintiff Croissant.

Julius Silver, of New York City, for trustee.

BYERS, District Judge.

This is a motion by Lawrence E. Bartlett, a party defendant in an action brought in the Supreme Court of this state, Albany county, for an order permitting the plaintiff in said action to bring in the trustee in bankruptcy of the bankrupt above named as a party defendant.

An involuntary petition was filed in this court against the bankrupt on December 28, 1931; adjudication was had on March 7, 1932.

On December 31, 1931, a receiver was appointed, the order restraining the commencement of any action to foreclose a lien, and a copy was filed in the office of the department of public works of the state of New York in Albany.

The bankrupt was a contracting company and built portions of a highway under highway contracts Nos. 1866 and 8348, and there is now held by the comptroller of the state of New York the approximate sum of $42,-000.00 payable thereunder.

Many liens have been filed against the said fund, totaling upwards of $82,000.00, but the trustee in bankruptcy is confident of his ability to demonstrate that many of them will be held invalid, and that there will be available to him, for distribution to general creditors, a substantial portion of the said sum now held by the state comptroller.

The petitioner, as stated, is a defendant in the pending suit which was instituted by one Croissant, for the foreclosure of his lien against the said fund, in March, 1932, in disregard of the restraining order of this court. The plaintiff in that action has not sought relief in this court, the mandate of which he has disregarded—inadvertently, as asserted by the petitioner.

The petitioner is an assignee of the two contracts in question, and apparently completed them under an agreement with the Condon Company to so function as trustee for the benefit of creditors. He asserts that, as a party defendant in the pending action, he is entitled to affirmative relief, and hence can seek what he now prays, as though he were a plaintiff in that case.

The fund in question is not in the bankruptcy court, and consequently decisions holding that the foreclosure of a mortgage

*For opinion modifying decision on reargument, see 2 F. Supp. 52.

covering property to which the trustee in bankruptcy holds title should not be permitted to proceed, except in the bankruptcy court, seem not to be in point.

The trustee has no present title to the funds in the hands of the state comptroller, nor are they in his custody; therefore the award of those funds can properly proceed from adjudication in a plenary suit only.

The trustee asserts that he is without funds to enable him to conduct litigation in Albany county, and hence urges that the motion should be denied.

As long as the issues must be determined in a plenary action, and as such an action is transitory (H. W. Palen's Sons v. Nelson & Caulkins, Inc., 222 App. Div. 357, 226 N. Y. S. 350), it would seem that, in fairness to all concerned, the alternative prayer of the petitioner for leave to commence and maintain an action in the Supreme Court of New York state for the foreclosure of his lien and assignment, joining the trustee in, bankruptcy as a defendant, should be granted, provided that such suit be brought and maintained in the county of Nassau in which the plaintiff resides, or in the county in which the trustee in bankruptcy resides.

If such a suit is brought in such county, and, for any reason, the venue thereof is changed at the instance of any party other than the said trustee, the latter shall have the right to apply to this court to vacate the order herein.

To this extent only, the motion is granted.

Settle order on two days' notice.