THE SHELT Co., INC., Plaintiff, *v.* SIMIELE CONSTRUCTION COMPANY, INC., CITY OF LOCKPORT, N. Y., NATIONAL CASUALTY COMPANY and Others, Defendants.

Supreme Court, Special Term, Chemung County, June 30, 1941.

*Isaac Allison*, for the plaintiff.

*Brim & Brim*, for the defendant National Casualty Company.

PERSONIUS, J. The construction company contracted with the city of Lockport, N. Y., for a public improvement and gave a performance bond with the National Casualty Company as surety. The plaintiff furnished materials to the construction company and filed mechanics' liens therefor. The construction company secured the discharge of the liens by filing another bond of the National Casualty Company.

This action is brought by the plaintiff lienor to establish its claim and for judgment against the construction company and the National Casualty Company therefor. No judgment or recovery is sought against the city or its officers. The construction company interposes an offset and counterclaim. The National Casualty Company by separate answer " joins " in the construction company's answer.

The city of Lockport is in Niagara county. The action is brought in Chemung county where the plaintiff has its principal office and place of business.

The motion is made under sections 182-a and 187 of the Civil Practice Act, and rule 146 of the Rules of Civil Practice.

Section 182-a provides that the place of trial of all actions against a city or its officers shall be the county in which the city is situated. Lockport is situated in Niagara county but neither the city of Lockport nor any of its officer defendants ask that the venue be changed. They have appeared generally and interposed no answer. The demand for change and this motion are made by the National Casualty Company only. A change of venue as a matter of right is waived in the absence of a demand, followed by motion, as required by rule 146. (4 Carmody's N. Y. Pr. 2621, 2622; *Getman* v. *Mayor*, 66 Hun, 236; *Dembitz* v. *Orange County Traction Co.*, 147 App. Div. 583; *Furia* v. *Colletti-Reina*, 208 id. 741.) The city of Lockport and its officers have, therefore, waived their right and the action may properly be tried in Chemung county where the plaintiff is domiciled. (Civ. Prac. Act, § 186.) The right conferred upon a city and its officers by section 182-a of the Civil Practice Act is personal to it and them. It is not available to any other defendant. (*Terre Haute Brewing Co.* v. *Ward*, 56 Ind. App. 155; 102 N. E. 395, 398.)

The moving parties also suggest that as this action is for the foreclosure of a lien upon a public improvement situate in the city of Lockport, the county of Niagara being the one in which the property is located, is the proper county. They apparently have reference to subdivision 9 of section 183 of the Civil Practice Act, but no demand is made for the foreclosure of a lien on real estate, no such lien exists and the action is transitory. (*Palen's Sons* v. *Nelson & Caulkins, Inc.*, 222 App. Div. 357; 9 Carmody's N. Y. Pr. 1015, § 793.)

The motion is denied, with ten dollars costs.

Submit order.